LAW OFFICES
**DECHERT LLP**
A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
902 CARNEGIE CENTER, SUITE 500
PRINCETON, NEW JERSEY 08540-6531
(609) 955-3200
JJS - 6886
ATTORNEYS FOR DEFENDANT BAUSCH & LOMB INCORPORATED

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MAUREEN MCCAUSLAND, | : | CIVIL ACTION NO. [    ] |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | **NOTICE OF REMOVAL** |
| PATHMARK, BAUSCH & LOMB, | : | |
| JOHN DOES AND ABC ENTITIES 1-15 | : | |
| | : | |
| Defendant(s). | : | |
| | : | |

PLEASE TAKE NOTICE that Defendant Bausch & Lomb Incorporated ("Bausch & Lomb") hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Superior Court of New Jersey, Law Division, Bergen County to the United States District Court for the District of New Jersey and respectfully states to this Court the following:

1.      This action involves allegations regarding an unspecified ReNu® eye solution.

2.      On or about October 22, 2012, Plaintiff Maureen McCausland commenced this civil action against Bausch & Lomb by filing a Complaint in the Superior Court of New Jersey, County of Bergen bearing the docket number L-8177-12.

3.      On or about November 29, 2012, Bausch & Lomb received service of the Summons and Complaint.  A true and correct copy of all process, pleadings, and orders served upon Bausch & Lomb are attached hereto as Exhibit A.

4.      As more fully set out below, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and it is between citizens of different states.

## I.    BAUSCH & LOMB HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

5.      This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of service on all properly served Defendants.  Bausch & Lomb was served with the Complaint on November 29, 2012.  Bausch & Lomb is the only proper Defendant in this case and, therefore, need not obtain the consent of any other Defendant. *See Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1009 n.2 (3d Cir. 1987).  Bausch & Lomb has nonetheless received consent from Defendant Pathmark for this removal.  A consent form is attached as Exhibit B.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 118(c) because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

7.      No previous application has been made for the relief requested herein.

8.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the Bergen County Superior Court Clerk's Office.

9.     If any question arises as to the propriety of the removal of this action,

Bausch & Lomb requests the opportunity to brief any disputed issues and to present oral

argument in support of its position that this case is properly removable.

10.     Nothing in this Notice of Removal shall be interpreted as a waiver or

relinquishment of Bausch & Lomb's right to assert any defense or affirmative matter including,

but not limited to, the defenses of 1) lack of jurisdiction over the person, 2) improper venue,

3) insufficiency of process, 4) insufficiency of service of process, 5) improper joinder of claims

and/or parties, 6) failure to state a claim, 7) failure to join an indispensable party(ies) or 8) any

other procedural or substantive defense available under state or federal law.

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332

because this is a civil action in which the amount in controversy exceeds the sum of $75,000,

exclusive of costs and interest, and is between citizens of different states.

### A.     The Amount In Controversy Requirement Is Satisfied.

12.     It is apparent from the face of the Complaint that Plaintiff seeks recovery

of an amount in excess of $75,000, exclusive of costs and interest.  "[T]he amount in controversy

is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the

value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 145-46 (3d Cir. 1993).

Plaintiff alleges that, as a direct and proximate result of using ReNu® eye solution she sustained

serious and permanent injuries, including but not limited to an ulcer to her right eye, impairment

of vision, great pain and suffering, exacerbation of these symptoms, and has expended large

- 3 -

sums of money for hospitalization, medical treatment, medicines and care, and lost wages. Compl. ¶ 8-10.  Plaintiff's claims can reasonably be read as exceeding $75,000 in value.

### B.    There Is Complete Diversity Of Citizenship.

13.    There is complete diversity as between Plaintiff and Bausch & Lomb.

14.    According to the Complaint, Plaintiff "at all times material hereto, resided at the above address." Comp. ¶ 1.  The only address listed above Complaint paragraph 1 is in Cherry Hill, NJ.  Plaintiff's Complaint lists no other place of residence.

15.    On the other hand, Bausch & Lomb is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of New York with its principal place of business at One Bausch & Lomb Place, Rochester, New York and, therefore, is a citizen of New York for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

16.    For the reasons set forth below, Defendant Pathmark is fraudulently joined.  Therefore, their citizenship must be ignored for the purpose of determining the propriety of removal. *See, e.g., Balazik v. Dauphin County,* 44 F. 3d 209, 213 n.4 (3d Cir. 1995).

17.    A Defendant is fraudulently joined when either a Plaintiff does not intend to pursue a case to judgment against a Defendant or there is no "reasonable basis in fact or colorable ground supporting the claim against the joined defendant." *See Batoff v. State Farm Ins. Co.,* 977 F.2d 848 (3d Cir. 1992); *Gil v. Related Mgmt. Co.,* No. 06-2174, 2006 WL 2358574, at *2 (D.N.J. 2006).  And, when there is no valid cause of action against nondiverse Defendants, courts in this circuit and elsewhere have denied remand based on fraudulent joinder. *See, e.g., In re Briscoe,* 448 F.3d 201, 219 (3d Cir. 2006) (upholding the District Court's decision that the doctrine of fraudulent joinder prevented Plaintiff's joinder of Defendants

because no colorable claims existed against those joined after the relevant statute of limitations period expired); *Baer v. Hartford Mut. Ins. Co.,* No. 05-1346, 2005 WL 3054354, at *10 (E.D. Pa .2005) (finding joinder to be fraudulent when the court invalidated the only viable cause of action against the joined party); *see also Rodriguez v. Sabatino,* 120 F.3d 589, 592 (5th Cir. 1997) (finding that a Defendant was fraudulently joined because the complaint stated no legal cause of action against him); *Lobato v. Pay Less Drug Stores, Inc.,* 261 F .2d 406, 409 (10th Cir. 1958) (upholding the trial court's conclusion that certain Defendants were fraudulently joined because there was no basis for the cause of action against them).

18.     In assessing a claim of fraudulent joinder, it is permissible for the Court to "look beyond the pleadings" to reliable evidence and other "relevant matters that are properly subject to judicial notice" in order to determine whether the Plaintiff's claims against the resident Defendant lack a reasonable basis. *See In re Briscoe,* 448 F.3d at 219-220; *Little v. Doe*, No. 09-5183 (WHW), 2010 WL 3812364, at *3-5 (D.N.J. Sept. 28, 2010). Therefore, in ruling on the issue of fraudulent joinder this Court is not bound by the allegations contained in the Plaintiff's complaint and may consider any additional, credible evidence deemed relevant.

19.     Based on the allegations in Plaintiff's complaint and relevant matters properly subject to judicial notice, there is no reasonable basis for predicting that a New Jersey state court might impose liability on Pathmark. Plaintiff's complaint contains only generic or grouped allegations regarding Pathmark. *See Compl.* ¶¶ 5, 7, 12, 13, 19, 20, 21. The New Jersey Product Liability Act forecloses liability against a retailer such as Pathmark for distributing products in the course of its business if the retailer can file a certification identifying a solvent, domestic manufacturer of the product. *See* N.J.S.A. 2A:58C-9. Pathmark is able to identify

- 5 -

Bausch & Lomb as the manufacturer of ReNu® eye solutions; Bausch & Lomb is a solvent domestic company; and Pathmark does not fall within any of the exceptions to the seller protection provisions of the Product Liability Act. Id. *See* Certification Pursuant to N.J.S.A. 2A:58C-9, attached as Exhibit C.

20.    Accordingly, there is no claim that can proceed under New Jersey law against Pathmark and no reasonable basis to predict that Plaintiff could prevail against Pathmark. Pathmark is therefore fraudulently joined, and its citizenship should be ignored.

21.    Additionally, Plaintiff has named John Does and ABC Entities 1-15 in this action. Courts are to examine the pleadings for "sufficient allegations concerning [the Doe and ABC Entity Defendants'] identity and conduct to justify consideration of their citizenship." *See Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3rd Cir. 1985). Plaintiff here fails to allege any conduct or circumstances particular to these Defendants or even attempt to identify them with particularity. Therefore, their inclusion in the Complaint is immaterial to the analysis of diverse citizenship and this removal. Moreover, 28 U.S.C. § 1441(b)(1) states that "the citizenship of Defendants sued under fictitious names should be disregarded" when determining whether an action is properly removable.

22.    Accordingly, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332 and the case may be removed pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the Plaintiff and the Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

- 6 -

WHEREFORE, Defendant Bausch & Lomb Incorporated respectfully removes this action, bearing case number L-8177-12, from the New Jersey Superior Court, Law Division, Bergen County to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated:  December 31, 2012                    Respectfully submitted,


                                             s/ John J. Sullivan
                                             John J. Sullivan
                                             DECHERT LLP
                                             A Pennsylvania Limited Liability Partnership
                                             902 Carnegie Center, Suite 500
                                             Princeton, NJ 08540-6531

                                             Attorneys for Defendant Bausch & Lomb
                                             Incorporated

# Exhibit A

LAW OFFICES OF CONRAD J. BENEDETTO
By: Conrad J. Benedetto, Esquire
1814 East Route 70, Suite 350
Cherry Hill, NJ 08003
856-983-7033 - Phone
Attorney for Plaintiff, MAUREEN MCCAUSLAND

| | | |
|---|---|---|
| **MAUREEN MCCAUSLAND,** | : | **SUPERIOR COURT OF NEW JERSEY** |
| | : | **LAW DIVISION** |
| **Plaintiff,** | : | **BERGEN COUNTY** |
| | : | |
| **v.** | : | **DOCKET NO.: L-8177-12** |
| | : | |
| **PATHMARK, BAUSCH & LOMB,** | : | *CIVIL ACTION* |
| **JOHN DOES AND ABC ENTITIES 1-15** | : | |
| | : | **SUMMONS** |
| **Defendant(s)** | : | |

THE STATE OF NEW JERSEY, to the ABOVE NAMED DEFENDANT(S):

BAUSCH & LOMB

YOU ARE HEREBY SUMMONED in a Civil Action in the Superior Court of New Jersey, instituted by the above-named Plaintiff(s), and required to serve upon the attorney(s) for the Plaintiff(s), whose name and office address appears above, an answer to the Complaint within **thirty-five (35) days** after the service of the Summons and Complaint upon you, exclusive of the date of service. If you fail to answer, judgment by default may be rendered against you for the relief demanded by the Complaint. You shall promptly file your answer and proof of service thereof in duplicate with the Clerk of the Superior Court, CN-971, Trenton, New Jersey 08625, in accordance with the Rules of Civil Practice and Procedure.

If you cannot afford to pay an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to any attorney by calling a county lawyer referral service. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service toll-free 800-792-8315 (within New Jersey) or 609-394-1101 (from out of state). The phone numbers for the county in which this action is pending are: Lawyer Referral Service, (609) 261-4862, Legal Services Office (609) 261-1088.

Dated: November 28. 2012

/S/ JENNIFER M. PEREZ
JENNIFER M. PEREZ
ACTING CLERK, SUPERIOR COURT

Name of Defendant to be served:

BAUSCH & LOMB
7 GIRALDA FARMS – SUITE 1001
MADISON, NJ.

BERGEN COUNTY COURTHOUSE
SUPERIOR COURT LAW DIV
BERGEN COUNTY JUSTICE CTR RM 415
HACKENSACK        NJ 07601-7680
                                        TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 527-2600
COURT HOURS

                    DATE:    OCTOBER 24, 2012
                    RE:      MCCAUSLAND VS PATHMARK BAUSCH & LOMB
                    DOCKET:  BER L -008177 12

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON MENELAOS W. TOSKOS

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      003
AT:  (201) 527-2600.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                              ATT: CONRAD J. BENEDETTO
                              CONRAD J. BENEDETTO
                              SUITE 350
                              1814 EAST ROUTE 70
                              CHERRY HILL      NJ 08003
JUBSWI1

**Appendix XII-B1**

| CIVIL CASE INFORMATION STATEMENT (CIS)<br>SUPERIOR COURT BERGEN COUNTY<br>Use for initial Law Division<br>Civil Part pleadings (not motions) under *Rule* 4:5-1<br>Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| | PAYMENT TYPE: ☐CK ☐CG ☐CA |
| | CHG/CK NO. |
| | AMOUNT: |
| | OVERPAYMENT: |
| | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Conrad J. Benedetto | TELEPHONE NUMBER<br>(856) 983-7033 | COUNTY OF VENUE<br>Bergen |
|---|---|---|
| FIRM NAME (if applicable)<br>The Law Offices of Conrad J. Benedetto | | DOCKET NUMBER (when available)<br>L - 8177-12 |
| OFFICE ADDRESS<br>1814 East Route 70 - Suite 350<br>Cherry Hill, NJ 08003 | | DOCUMENT TYPE<br>COMPLAINT & JURY DEMAND |
| | | JURY DEMAND ■ Yes ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Maureen McCausland | CAPTION<br>McCausland v. Pathmark, Basuch & Lomb, John Does and ABC Entities 1-15 |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing)<br>606 | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ Yes ■ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ YES ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>☐ UNKNOWN |

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|

| CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION | | |
|---|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>■ YES ☐ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ■ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS Shopper | |
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ■ No | | |
| USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION | | |

| | DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|---|
| | WILL AN INTERPRETER BE NEEDED?<br>☐ YES ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151  NAME CHANGE
175  FORFEITURE
302  TENANCY
399  REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502  BOOK ACCOUNT (debt collection matters only)
505  OTHER INSURANCE CLAIM (including declaratory judgment actions)
506  PIP COVERAGE
510  UM or UIM CLAIM (coverage issues only)
511  ACTION ON NEGOTIABLE INSTRUMENT
512  LEMON LAW
801  SUMMARY ACTION
802  OPEN PUBLIC RECORDS ACT (summary action)
999  OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305  CONSTRUCTION
509  EMPLOYMENT (other than CEPA or LAD)
599  CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605  PERSONAL INJURY
610  AUTO NEGLIGENCE – PROPERTY DAMAGE
621  UM or UIM CLAIM (includes bodily injury)
699  TORT – OTHER

**Track III - 450 days' discovery**
005  CIVIL RIGHTS
301  CONDEMNATION
602  ASSAULT AND BATTERY
604  MEDICAL MALPRACTICE
606  PRODUCT LIABILITY
607  PROFESSIONAL MALPRACTICE
608  TOXIC TORT
609  DEFAMATION
616  WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617  INVERSE CONDEMNATION
618  LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156  ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303  MT. LAUREL
508  COMPLEX COMMERCIAL
513  COMPLEX CONSTRUCTION
514  INSURANCE FRAUD
620  FALSE CLAIMS ACT
701  ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 285 | STRYKER TRIDENT HIP IMPLANTS | 291 | PELVIC MESH/GYNECARE |
| 288 | PRUDENTIAL TORT LITIGATION | 292 | PELVIC MESH/BARD |
| 289 | REGLAN | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| | | 623 | PROPECIA |

**Mass Tort (Track IV)**

| | | | |
|---|---|---|---|
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 271 | ACCUTANE/ISOTRETINOIN | 282 | FOSAMAX |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 284 | NUVARING |
| 278 | ZOMETA/AREDIA | 286 | LEVAQUIN |
| 279 | GADOLINIUM | 287 | YAZ/YASMIN/OCELLA |
| | | 601 | ASBESTOS |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category**    ☐ **Putative Class Action**    ☐ **Title 59**

**LAW OFFICE OF CONRAD J. BENEDETTO**
By: Conrad J. Benedetto, Esquire
1814 East Route 70, Suite 350
Cherry Hill, NJ 08003
856-983-7033 - Phone
Attorney for the Plaintiff

SUPERIOR COURT BERGEN COUNTY
**FILED**

OCT 2 2 2012

_____
DEPUTY CLERK

---

| | | |
|---|---|---|
| MAUREEN MCCAUSLAND, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | |
| Plaintiff | : | BERGEN COUNTY |
| | : | |
| Vs. | : | Law Division – Civil Part |
| | : | |
| | : | |
| Pathmark, Bausch & Lomb, John Does and ABC | : | CIVIL ACTION COMPLAINT |
| Entities 1-15, | : | |
| | : | |
| Defendants | : | Docket No.: L- 8177-12 |
| | : | |
| | : | |
| | : | |

---

Plaintiff, Maureen McCausland, by way of Complaint and through her attorney, Conrad

J. Benedetto, Esquire against the defendants herein says:

### COUNT 1

### <u>GENERAL STATEMENTS AND ALLEGATIONS</u>

1.      Plaintiff, Maureen McCausland, is an adult individual and, at all times material

hereto, resided at the above address.

2.      Defendant, Pathmark, is a business entity, organized, existing and/or authorized to

do business in the State of New Jersey, and is the owner, co-owner, manager and/or operator of a

supermarket chain with a principal place of business located at 2 Paragon Drive, Montvale,

Bergen County, New Jersey.

3.    Defendant, Bausch & Lomb, is a business entity, organized, existing and/or authorized to do business in the State of New Jersey with a principal business address of 7 Giralda Farms, Suite 1001, Madison, Morris County, New Jersey and is the owner, co-owner, manager and/or operator of an eye care product.

4    On or about October 28, 2010, plaintiff, Maureen McCausland, was a patron of Pathmark, and purchased a Bausch & Lomb Product known as Renu Eye Solution, upon the Plaintiff's use of the product pursuant to the instructions for use, the plaintiff was caused to sustain serious and permanent injuries, more fully described hereinafter.

5.    On or about October 28, 2010, and for a substantial period of time prior thereto, the harmful nature and content of the aforesaid Bausch & Lomb product, distributed by Bausch & Lomb and inventoried and sold at retail by Pathmark was known or should have been known by the Defendants their agents, servants, workmen, employees and representatives.

**WHEREFORE,** Plaintiff, Maureen McCausland, demand judgment against the Defendants for damages, interest, attorneys' fees, and costs of suit.

## COUNT 2

### PLAINTIFF, MAUREEN MCCAUSLAND vs. DEFENDANTS

### NEGLIGENCE

6.    Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

7.    The aforesaid injuries to the Plaintiff were solely and proximately caused by the negligence, carelessness and/or inattentiveness of the Defendants, their agents, servants, workmen, representatives and/or employees individually, jointly, and or severally, which negligence consisted of, but was not limited to the following:

(a) creating, maintaining and allowing to continue a dangerous, hazardous, unsafe and/or defective condition of the aforesaid eye care product, the existence of which a reasonable trained person or persons would have known, or in the

exercise of reasonable care should have known;

(b) Failing to warn or otherwise advise those lawfully using the aforesaid product of the existence of the aforesaid hazardous, unsafe and/or defective product composition;

(c) Failing to take reasonable steps to correct the aforesaid dangerous, hazardous, unsafe and/or defective condition of the product in a reasonably diligent manner;

(d) Failing to give proper, adequate and sufficient warning and/or notice of the dangerous, hazardous, unsafe and/or defective condition of said product;

(e) failing to properly inspect the aforesaid product;

(f) Permitting said product to remain in a dangerous and unsafe state;

(g) Failing to make a recall of the aforesaid product when they know or should have known of its unsafe state, condition and nature;

(h) Failing to properly reformulate the aforesaid product to make it safe for use by the Plaintiff and others similarly situated; and

(i) Failing to properly date, package distribute, inventory, and store the aforesaid product.

8.    Solely as a result of the aforesaid negligence of the Defendants, Plaintiff has been rendered sick, sore, lame, disabled and/or prostrate.   Plaintiff sustained serious and permanent injuries that include but are not limited to Ulcer to the right eye, impairment og vision, Plaintiff has endured and may continue to endure great pain and suffering and/or exacerbations of symptoms.

9.    As an additional result of the occurrence hereinbefore described, Plaintiff has been obliged to expend various and large sums of money for hospitalization, medical treatment, medicines and care, in and about an effort to gain relief from the injuries she suffered, and may and will be obliged to continue to make such expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

10.    As a further result of Plaintiff's use of the aforesaid product, Plaintiff has suffered injuries which are or may be permanent in nature, and has suffered and will in the future continue to suffer great pain and agony, and has, will and may be unable to attend to her daily duties, occupations, labors and employment, thereby losing the benefits of her industry, and has suffered a loss, diminution and depreciation of her earnings and future earning capacity, all of which will continue for an indefinite period of time in the future, to her great and continuing detriment and loss.

   **WHEREFORE,** Plaintiff, Maureen McCausland, demands judgment against the Defendants for damages, interest, attorneys' fees, and costs of suit.

## COUNT 3

## STRICT LIABILITY-DEFECT IN FORMULATION AND OR MANAFACTURING

   11. Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

   12. Defendants, Bausch & Lomb and Pathmark participated in the sale of a product that they formulated, produced, manufactured and distributed identified as Renu Eye Solution.

   13. Defendants, Bausch & Lomb and Pathmark formulated, manufactured and sold the product which contained a harmful liquid or solution because the formula, formulation, manufacturing, packaging, distribution, and or storing was defective and unsafe.

   14. All or some of the aforesaid made the product unreasonably dangerous and unsafe.

   15. The product as manufactured by Bausch & Lomb remained unchanged and was in its original and unaltered packaging/box/wrapper

at the time of its use by the Plaintiff after it was purchased from Defendant Pathmark.

16. Solely as a direct result of Plaintiff's use of the aforesaid Bausch & Lomb product, sold by Pathmark, Plaintiffs sustained severe conscious pain and suffering from the time of the use of the product to the present time

17. Maureen McCausland sustained additional expense, including, but not limited to medical bills.

**WHEREFORE**, Plaintiff, Maureen McCausland, demands judgment against the Defendants for damages, interest, attorneys' fees, and costs of suit.

## COUNT 4

## NEGLIGENT FORMULATION AND OR MANAFACTURING

18. Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

19. Defendant Bausch & Lomb formulated, manufactured, packaged and distributed the product, which Pathmark inventoried and sold to the Plaintiff. Accordingly, Bausch & Lomb and Pathmark owed a duty to Plaintiff, the end user, who upon use of the product for its intended purpose, was cause to suffer severe, painful and permanent injuries.

20. The Defendants knew or should have known that when the product was formulated and manufactured, it was defective, unsafe and harmful thereby creating an unreasonable risk of injury to the Plaintiff.

21. The Defendants were negligent in failing to properly formulate, test and discover the harmful and dangerous conditions of product, creating a clear and immediate risk of serious injury to end users of the product such as the Plaintiff.

22. As a direct and proximate result of her use of the product, Maureen McCausland sustained severe conscious pain and suffering from the time of her use of the product to the present, and will for the foreseeable future.

**WHEREFORE**, Plaintiff, Maureen McCausland, demands judgment against the Defendants for damages, interest, attorneys' fees, and costs of suit.

## COUNT 4

### JOHN DOES AND ABC ENTITIES 1-15

23.   Plaintiff incorporates by reference the allegations contained in the preceding Paragraphs as though the same were fully set forth at length herein.

24.   The fictitiously named defendants, JOHN DOES 1-15, ABC ENTITIES 1-15, are persons or entities who are responsible in tort or contract for the injuries and damages suffered by plaintiffs in this action, but whose identities have not yet been determined.

Plaintiff, Maureen McCausland, demands judgment against the Defendants for damages, interest, attorneys' fees, and costs of suit.

LAW OFFICES OF CONRAD J. BENEDETTO

By: _____
Conrad J. Benedetto, Esquire
Attorney for Plaintiffs

Dated: October 19, 2012

### JURY DEMAND

The plaintiff hereby demands trial by jury.

LAW OFFICES OF CONRAD J. BENEDETTO

By: _____
Conrad J. Benedetto, Esquire
Attorney for Plaintiffs

Dated: October 19, 2012

answered interrogatories received from any party upon the undersigned attorney and **TAKE NOTICE** that this is a continuing demand.

LAW OFFICES OF CONRAD J. BENEDETTO

By: _____

Conrad J. Benedetto, Esquire
Attorney for Plaintiffs

Dated: October 19, 2012

## NOTICE PURSUANT TO RULE 1:7-1(b)

**PLEASE TAKE NOTICE** that, pursuant to New Jersey Court Rule 1:7-1(b), the plaintiff may suggest to the trier of fact, with respect to any element of damages, that unliquidated damages be calculated on a time unit basis without reference to a specific sum.

LAW OFFICES OF CONRAD J. BENEDETTO

By: _____

Conrad J. Benedetto, Esquire
Attorney for Plaintiffs

Dated: October 19, 2012

# Exhibit B

LAW OFFICES
**DECHERT LLP**
A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
902 CARNEGIE CENTER, SUITE 500
PRINCETON, NEW JERSEY 08540-6531
(609) 955-3200
JJS - 6886
ATTORNEYS FOR DEFENDANT BAUSCH & LOMB INCORPORATED

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MAUREEN MCCAUSLAND, | : | CIVIL ACTION NO. [       ] |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | **CONSENT TO REMOVAL** |
| PATHMARK, BAUSCH & LOMB, | : | |
| JOHN DOES AND ABC ENTITIES 1-15 | : | |
| | : | |
| Defendant(s). | : | |
| | : | |

Without waiving and specifically reserving all defenses, objections, exceptions, and motions, including but not limited to lack of service, improper service, and lack of personal jurisdiction, defendant Pathmark Stores, Inc. ("Pathmark") by and through its undersigned counsel consents to, authorizes and joins in the removal of the above-captioned action from the Superior Court for the County of Bergen to the United States District Court for the District of New Jersey. Pathmark has not yet been served with a summons and complaint in this matter.

Dated:  December 31, 2012

Respectfully submitted,

Christopher W. McGarry, Esq.
Pathmark Stores, Inc.
2 Paragon Drive
Montvale, NJ 07645

Attorney for Defendant Pathmark Stores, Inc.

2

# Exhibit C

LAW OFFICES
**DECHERT LLP**
A PENNSYLVANIA LIMITED LIABILITY PARTNERSHIP
902 CARNEGIE CENTER, SUITE 500
PRINCETON, NEW JERSEY 08540-6531
(609) 955-3200
JJS - 6886
ATTORNEYS FOR DEFENDANT BAUSCH & LOMB INCORPORATED

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MAUREEN MCCAUSLAND, | : | CIVIL ACTION NO. [    ] |
| Plaintiff, | : | |
| vs. | : | **CERTIFICATION PURSUANT** |
| PATHMARK, BAUSCH & LOMB, | : | **TO N.J.S. 2A:58C-9** |
| JOHN DOES AND ABC ENTITIES 1-15 | : | |
| Defendant(s). | : | |

Christopher W. McGarry, by way of certification in lieu of affidavit, says:

1.      I an General Counsel for defendant Pathmark Stores, Inc. ("Pathmark") and, in such capacity am representing Pathmark in the above-captioned matter.

2.      Pursuant to N.J.S. 2A:58C-9, the New Jersey Products Liability Act, I file this Certification identifying the manufacturer of the product that allegedly caused injury to Plaintiff in this action as Defendant Bausch & Lomb Incorporated.

3.      I further certify that Pathmark

    a.      has not exhibited significant control over the design, manufacture, packaging or labeling of ReNu® eye solution relative to the alleged defect in the product that allegedly caused the injury;

     b.     did not know, or should not have known, of the alleged defect in the product that allegedly caused the injury; and

     c.     did not create the alleged defect in the product that allegedly caused the injury.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  December 31, 2012          Respectfully submitted,

Christopher W. McGarry, Esq.
Pathmark Stores, Inc.
2 Paragon Drive
Montvale, NJ 07645

Attorney for Defendant Pathmark Stores, Inc.

2

## CERTIFICATE OF SERVICE

I, John J. Sullivan, hereby certify that on December 31, 2012, I caused a true and correct copy of the foregoing Notice of Removal to be served electronically through ECF, email and via first class mail upon the following:

Clerk, Law Division
Superior Court of New Jersey, Bergen County
Justice Center
10 Main Street
Hackensack, NJ  07601-7699

Conrad J. Benedetto, Esq.
Law Office of Conrad J. Benedetto
1814 East Route 70, Suite 350
Cherry Hill, NJ  08003
Attorney for Plaintiff, Maureen McCausland
(via email as well)

Christopher W. McGarry, Esq.
Pathmark Stores, Inc.
2 Paragon Drive
Montvale, NJ 07645
(via email as well)


s/ John J. Sullivan
John J. Sullivan